United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60775
Conference Calendar

_____

RAYMOND FAYE,

Plaintiff-Appellant,

versus

JIMMY MELTON, Correctional Supervisor, in his individual
capacity; HELEN DAVIS, Correctional Supervisor, in her
individual capacity; JIMMY GANT, Correctional Supervisor,
in his individual capacity; FRED SMITH, Correctional
Supervisor, in his individual capacity; CHARLES ALLEN,
Correctional Supervisor, in his individual capacity; JIM
HARMON, Maintenance Director, in his individual capacity;
CHRISTOPHER EPPS, Commissioner, in his individual capacity;
E. L. SPARKMAN, Deputy Commissioner of Corrections, in his
individual capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-240-PA
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Raymond Faye, a Mississippi prisoner (# 63653), has filed an

application to proceed in forma pauperis ("IFP") on appeal

following the district court's dismissal of his 42 U.S.C. § 1983

complaint, without prejudice, for failure to exhaust

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

administrative remedies.  Faye is effectively challenging the district court's certification that he should not be granted IFP status because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

By failing to direct his motion solely to the district court's reasons for the certification decision, Faye has effectively abandoned the only issue that is properly before this court.  See Baugh, 117 F.3d at 202; Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Accordingly, Faye's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of the three-strikes provision, 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Faye is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.